CAUSE# 30,298        37,856-18,19

# "APPICANT REBUTTAL"

RECEIVED IN
COURT OF CRIMINAL APPEALS

APR 06 2015

Abel Acosta, Clerk

NO: 30.298
30,600

TO THE HONORABLE CLERK:

NOW COMSE TERRY MILLER, IN HIS REBUTTAL TO THE 188th District response. Applicant is humble requesting that you please make copies of the applicants response and forward it to the 188th district, Gregg. County, Longview, Tx.

Your attention in this matter is greatly appreciated.

Terry Miller
Sincerely

## COURTS RESPONSE

The appliacnt has peviously letigated the isuue before.

## APPLICANTS RESPONSE

The present application makes the assertion that the trial court is prohibited from the use of a state jail felony for enhancement purpose. **see memorandum, pg 4.**

Applicants previous application does not make this assertion. The previous appliaction only asserts that the paragrsph was not alleged in indictment # 30,298. **see memorandum pg,** 4/

It was not until the trial courts response in the previous applic- ation that the applicant became aware that the prior conviction need not be alleged in the indictment, the 188,th district cited Brooks to support this position. see prior application.

Applicant contends that the only conviction found in any of his forms is the prior conviction in indictment # 30,600.

se Exhibit,C, also pg 19 of memorandum.

This instument asserts;

> Having been convicted of the felony offense of **BURGLARY OF A BUILDING** on the 7,th day of Novemeberin cause No 23,029,B in the District Court of Texas, in case on the docket of said court and entitled the State of Texas V Terry Louis Miller intentionally or knowingly possesessed a fire arm before the fifth annaversary of the defendants confinement from releif of said confinement following said conviction.

This instrument makes no mention that the burglary would be used for enhancement purpose.

If the state intends to effectively increase the actual amount of prison time the accuse must serve, it must provide adequate advance notice so that the accuse may prepair a proper defense to the states allegations, otherwise the applicant due-process becomes violated.

luken v State, 780.SW,2d,246.

In luken the court of appeals held that an enhance sentence must be supported by a written allegation of a prior conviction.I,d at37 {An accused is entitled to a proper notice of a prior conviction that might be used for enhancment purpose.

The prior convitcion in indictment # 30 600  only informs that the state intends to use this prior that the state entends to show that the applicant possessed a fire arm before the fifth annaverssary of his release. the notice does not infrom the applicant that the prior would be used for enhancemnt purpose. **see exhibit c.** otherwise the applicant would have prepaired a defense to the prior alleged here.

**sec 4 (a)>**

Of the subsequent chapter provodes .

> If a subsequent appliaction for a writ of habease corpus is filed after a final dispositionof a initial appliaction challenging the same conviction a court may not consider the merits or grant relief  based upon the subsequent appliaction unless applicant contains specifics facts establishing one of the two acceptions.

For the purpose of subsection (C)
A factual basis is unavailable on or before a date described by (a) (1) if the factual basis was not ascertainable through the excercise of reasonble diligence on or before that date.
 The trial court does not allege in the present application that the prior conviction in indictment 30,600 is the prior conviction used for enhancement.
 For this reason the applicant request that the present application be reviewed under section (C) of the subsequent chapter,
 the applicant has not found any prior felony that could be used to increase the ranqe of punishment.

2

## II
## COURTS RESPONSE

This is was previuosly letigated in the first application.

## APPLICANT REBUTTAL

The 188,th district conduct is controlled by law, When a trial court conduct violates one of those laws the court is said to have no authority to act, **Ex,parte Sanchez,918,SW,2d,526,-27.**

The court of appeals reversed in **Sanchez** as the court should here holding that a judicial defect in the trial proceedings would render a judgement **void.**
The court noted that the prior conviction alleged in indictment 30,600 can not be used for enhancement purpose.**fortier V State. 105,SW,3d,697. Tx Crm App, 2003.**
The judicial performance performed by one with no authority to act may be raised at any time. **Exparte Williams 65, Sw,3d,655,**
Applicant contends that the trial court entered a sentence of fourty year's in the case at bar.
In a previous appliecation the applicant made several inquiries into the existance of the specific conviction that was use to increase the punishment range. the 188.th District has yet to provide that information. **see memorandum pg 4-5.**

The applicant contends that the trial court vioalted his due process.
The court of appeals is asked to review this application in an effort to discover the prior that gives the court its authority.
For the reason argued above this issue should also be reviewed under sec (c).

III
COURTS RESPOSNSE

The issue regarding the affirmative finding was previuosly letigated on direct appeal.

## APPLICANTS RESPONSE

The court does not assert that the applicant could not raise the issue in an application for 11:07, or in a habease corpus.

Applicant contends he is not prohibited from raising the issue again in his habeas for the first time.

IV

## COURTS RESPONSE

While the specific complaint may not have been raised at that time , there is no new facts that could not have been raised in the first appliaction.

## APPLICANTS RESPONSE

Applicant was unaware of the prior conviction do to the fact it was not alleged in indictment 30,298. It was not until communicating with the trial court it self that applicant learned that the prior was some where among his forms.

Once the appicant did discover the prior conviction he still was not aware that the conviction was a state jail felony. It was not until the applicant did additioanl research regarding the prior conviction that the applicant became aware that the conviction was a state jail felony.

One who has been accused of a crime may some times take months or even years before he/she discover the injurv suffered whereas the attorney may discover the same information in a matter of hours.

4

applicant argues that he was misled by both the trial court and his counsel as to the enhancement matter.

Indictment 30,600 is the new fact that applicant has presented in the current application.

the court of appeals has recognozed in Brady voluntariness which explain that a guilty plea must be entered by one aware of the direct consequences to be voluntary.

Failure of the counsel to inform, invetigate,and object,violates the accuse due process, of the sixth, and fifth amendment.

Several courts have recognized where ineffective assistance of counsel occurs before a trial the harm consistent to the defense. Exparte Lemke, 13,SW,3d,791.

the court of appeals noted in Lemke, That counsel failure to comm-unicate creates a probability that sufficient to undermine the confidence and integrity of the out come of the trial proceedings. I.d at

The courts have tailored a remedy to inquire into the injury suffered when counsel fail's to convey information.

Sec (C) provides review of those issue's. Whereas counsel may explain.

## COURTS RESPONSE

The issue of the alleqation inadequacy of the indictment was previuosly raised, in a first application.

## APPLIACNTS RESPONSE

The 188,th District does not assert that the prior conviction in indictment 30,600 is the prior that the court used to enhance the punishment.

The appliacnt contend that the conviction alleged here deals with a question concerning the courts authority, to act.

There is no other prior alleged in any of the applicants forms. For these reasons the court of appeals is asked to develope the records even futher, whereas the 188,th District court may reveal the prior conviction used to increase the applicants punishment range .

Sec 4. plainly request that a final disposition on an initial writ. the court noted that it must entail a disposition relating to the merits of all claims raised. Dispositions relating to the merits are labled denial, while the disposition related not related to the merits are labled dismissed. Regardless of the lable the court noted that it should look at the substance of the disposition to determine whether the writ is barred by sec 4.Ex,parte,Torres 943,SW,2d,469

Applicant respectfully ask that the appeals court review these meritable regardless as to whether the applicant has satisfied the subsequent sec 4.